IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| VS. | § § § § § | CRIMINAL ACTION NO.1:16:200 |
| EFRAIN VALENCIA, | § | |

**MEMORANDUM OPINION AND ORDER**

Efrain Valencia pleaded guilty to conspiring to distribute and possessing with intent to distribute methamphetamine under 21 U.S.C. § 846 and § 841(a)(1). He was sentenced to a 90-month prison term, which he is serving at Giles W. Dalby Correctional Institution, a private prison in Garza County, Texas that operates under contract with the BOP. Valencia has served 52 months, or approximately 57 percent of his custodial term. He seeks a time-served sentence through compassionate release under 18 U.S.C. § 3582(c)(1), claiming that given his intermittent asthma, ethnicity, and sex, BOP incarceration places him at an elevated risk of serious illness or death should he contract COVID-19. (Docket Entry No. 62 at 4). The government opposes the motion. (Docket Entry No. 65).

Courts generally "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 824–25 (2010). But courts may reduce a defendant's sentence if "the factors set forth in section 3553(a)" and "extraordinary and compelling reasons" justify a reduction. *Id.* (quoting § 3582(c)(1)(A), (c)(1)(A)(i)). After a defendant has been sentenced to a term of imprisonment, a court "may reduce the term" if, after considering the 18 U.S.C. § 3553(a) factors, the court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). "The Sentencing Commission's statements in U.S.S.G.

1

§ 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (citing *United States v. Gunn*, 980 F.3d 1178, 1180). The comments to the United States Sentencing Guidelines § 1B1.13 are instructive here. They explain that a medical condition "might be sufficiently serious to warrant release" if the condition is either "terminal" or "substantially diminishes the [defendant's ability] to provide self-care." U.S.S.C., Guidelines §1B1.13, cmt. n.1(A).

Valencia does have serious underlying medical conditions, and the court recognizes the COVID risk in prisons and jails, including in the Giles W. Dalby Correctional Institution. But Valencia's medical conditions are not so severe as to warrant the relief he seeks, particularly since he has now been fully vaccinated. Valencia is 37, well below the ages that are most vulnerable to COVID. His medical records show that he is receiving treatment for mild intermittent asthma. (Document Entry No. 65-2 at 4). The medical records also show that on April 8, 2021, Valencia received the COVID-19 vaccine. (*Id.* at 1). He is expected to be released, with good-time credit, in April 2023. He has served too little of his sentence, and his medical conditions are not so severe, as to justify the compassionate early release he seeks. He has not demonstrated "extraordinary and compelling reasons" warranting compassionate release under § 3582(c)(1)(A).

Valencia's crimes were serious. In addition to leading a conspiracy to distribute methamphetamine, Valencia was in the United States unlawfully. He was responsible for negotiating a large drug transaction with an undercover investigator. When he was arrested, he was in possession of extensive amounts of illegal narcotics. Twenty pounds of methamphetamine were recovered that were in a residence that Valencia controlled.

Valencia has taken admirable steps towards rejoining society. While incarcerated, he has obtained his GED and several certifications. (Docket Entry No. 62 at 2). However, the fact that

Valencia has served only slightly more than half of his sentence and the importance of consistency and equity in sentencing weigh heavily on the court. The § 3353(a) factors do not support granting relief.

Valencia's motion for compassionate release, (Docket Entry No. 62), is denied.

SIGNED on June 9, 2021, at Houston, Texas.

_____

Lee H. Rosenthal
Chief United States District Judge