UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>EFRAIN VALENCIA, et al.<br><br>    Defendants. | Case No.  1:16-CR-00200-JLT-SKO<br><br>ORDER DENYING DEFENDANT'S MOTION FOR HARDSHIP CREDIT<br><br>(Doc. 74) |

  Efrain Valencia pleaded guilty to conspiracy to distribute and possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1), after which this Court sentenced him to a prison term of 90 months.  (Docs. 41, 43.)  He is currently incarcerated in the Giles W. Dalby Correctional Facility in Post, Texas.  (Doc. 74.)

  Defendant now brings a "Motion for Hardship Credit for Hard Time Served," in which he requests that the Court "grant the hardship credit for hard time served and grant [Valencia] two days credit for one served for the time . . . [he] has been locked down in Giles W. Dalby Correctional Facility, since March of 2020 due [to] Covid-19."  (*Id.* at 3.)  In support of this request, he describes various conditions of his confinement that he says violate his constitutional rights under the Fifth, Eighth, and Fourteenth Amendments.  (*Id.* at 2.)

  Generally, a federal court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).  "A judgment of conviction that includes a sentence of

1

imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances" set forth in the exceptions articulated in 18 U.S.C. § 3582(c), none of which Defendant invokes here. *Dillon v. United States*, 560 U.S. 817, 824 (2010) (citing § 3582(b)).

As this Court has already sentenced Defendant, "any calculation of credit for time served is within the exclusive province of the Bureau of Prisons . . ." *United States v. Montana-Equihua*, at *1, 2021 WL 5087135 (S.D. Cal. Nov. 2, 2021) (citing *United States v. Peters*, 470 F.3d 907, 908 (9th Cir. 2006) (per curiam)). This Court therefore lacks authority to grant the relief sought.

To the extent Defendant's motion could be interpreted as one for compassionate release under 18 U.S.C. § 3582(c)(1), such a motion may only be brought "*after the defendant has fully exhausted all administrative rights* to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . ." 18 U.S.C. § 3582(c)(1)(A) (emphasis added). Defendant has made no showing that he has exhausted his administrative remedies.

To the extent Defendant is attempting to challenge the manner or method of his confinement, he must do so in the district in which he is confined. *See generally* 28 U.S.C. § 2441; *see also Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (generally, "petitions that challenge the manner, location, or conditions of a sentence's execution must brought pursuant to § 2241 in the custodial court"). For the reasons stated above, Defendant's motion is **DENIED**.

IT IS SO ORDERED.

Dated:   **July 12, 2022**

UNITED STATES DISTRICT JUDGE

2